UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

PAUL ALOIS ADAMSKI,

       Plaintiff,

v.

SGT. DAN TAUBER,
SGT. ROBERT WILLS, and
CITY OF APPLETON,

       Defendants.

Case No. 11-CV-797-JPS

ORDER

1. OVERVIEW

Plaintiff Paul Alois Adamski brings this case under 42 U.S.C. § 1983 against Sergeants Dan Tauber and Robert Wills—two police officers employed by the City of Appleton, Wisconsin—alleging that the officers photographed his genitals based on an "open-ended and general" search warrant issued without probable cause in violation of the Warrant Clause of the Fourth Amendment to the United States Constitution. (Docket #10); (Docket #9 at 4); (Docket #15 at ¶ 5).[1]

---

[1] Plaintiff's amended complaint also brought a claim against the City of Appleton by alleging, in relevant part, as follows: "In the plaintiff's criminal case there were several search warrants issued, none of which contains a seal by the court as required under Wis. Stat. § 753.04. This shows by negative inference that the policy or custom of the City of Appleton was to *not* ensure that warrants were properly obtained from the court before executing them." (Docket #10 at 12).

However, in a letter to this Court dated December 23, 2013, Plaintiff "…recognized that his claim that a seal is required on warrants is frivolous." (Docket #68 at 2). Based on that concession, Plaintiff said that the claim "…should be removed." *Id.* Accordingly, the City of Appleton, Wisconsin, stands dismissed from this case.

2. BACKGROUND

At the conclusion of a state criminal jury trial in June of 2009 (Outagamie County Case Number 2008CF000268), Plaintiff was found guilty of committing, *inter alia*, the following crimes: (i) repeated sexual assault of the same child; (ii) one count of incest with a child; and (iii) one count of child enticement, all with the same victim. (Docket #77-2 at 1); (Docket #77-3 at 2); (Docket #77 at ¶¶ 2-3). During that trial, Sgt. Tauber (one of the officers named as a defendant in this federal civil rights suit) testified about executing the search warrant at issue in this case. (Docket #77 at ¶ 5).

On July 9, 2012, the Court stayed this case, in accordance with the *Younger* abstention doctrine, pending conclusion of Plaintiff's direct course of appeal in his underlying state criminal case. (Docket #59); *see generally*, *Younger v. Harris*, 401 U.S. 37, 53 (1971).[2] Subsequently, in October of 2013, the Court directed the parties to "update the Court as to the status of this case" by the end of the year. (Docket #62).

Referencing decisions of the Wisconsin Court of Appeals (Docket #66-2 and #66-3) (summarily affirming Plaintiff's underlying state criminal conviction) and Supreme Court of Wisconsin (Docket #66-4) (denying Plaintiff's petition for review), the defendants asked this Court to lift its stay of the proceedings in this case because *Younger* abstention was no longer appropriate. (Docket #66 at 2). Finding no opposition from Plaintiff, *see* (Docket #67), the Court dissolved the stay of proceedings and provided the parties a new deadline for filing any dispositive motions. (Docket #72).

---

[2] In the same order, this Court denied the parties' countervailing motions for summary judgment without prejudice. *Id.*

Before the Court is the defendants' renewed motion for summary judgment. (Docket #74).

3. SUMMARY JUDGMENT STANDARD

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986). "Material facts" are those under the applicable substantive law that "might affect the outcome of the suit." *See Anderson*, 477 U.S. at 248. A dispute over "material fact" is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* In other words, in determining whether a genuine dispute of material fact exists, the court must construe all reasonable inferences in favor of the non-movant. *Lac Courte Oreilles Band of Lake Superior Chippewa Indians v. Voigt*, 700 F.2d 341, 349 (7th Cir. 1983).

4. FACTS

The following facts are undisputed among the parties.

On April 7, 2008, Sergeants Tauber and Wills took "full body unclothed photographs of [Plaintiff]…including genitalia close up photographs" in the changing room within the "intake area" of the Outagamie County Jail. (Docket #28-3 at 1); (Docket #22 at ¶¶ 1-2). Those photographs were taken pursuant to a search warrant, issued the same day by a judge in the Circuit Court of Outagamie County, Wisconsin, authorizing the officers to:

> [O]btain suitable photographs to conduct further investigation related to the description provided by juvenile female MAA (DOB: …1995) of [Plaintiff's] genitalia, including a full-body unclothed photograph and close-up images of the front of the defendant between the abdomen and knees.

(Docket #28-3 at 6).

The affidavit filed by Sgt. Tauber in support of that warrant attested to various facts, including the following:

> 3. Affiant states that on April 3, 2008, he was contacted by the principal at Roosevelt Middle School regarding a student who was upset and reporting that her father was "doing things to her."
>
> 4. Affiant spoke with the associate principal at Roosevelt Middle School, who referred him to a 12-year-old female, MAA (DOB . . . 1995).
>
> …
>
> 7. MAA stated her father, who she named as Paul Adamski, lives at the residence with her, along with her stepmother Janelle and her sister SSA (DOB . . . 1994);
>
> …
>
> 8. Affiant states MAA was asked if she knew the difference between the truth and a lie and correctly described both the difference and the important [sic] of telling affiant and the social worker the truth;
>
> …
>
> 19. MAA stated that her father would have penis-to-vagina intercourse with her approximately three times a week;
>
> …
>
> 27. Your affiant also states that he is requesting as part of the search warrant, that full-body nude photographs also be taken of Paul Adamski's person, including but not limited to close-up photos of Adamski's genitalia, in order to conduct further investigation related to MAA's description of the defendant's genitalia;….

(Docket #28-3 at 3-4).

5. ANALYSIS

In response to Defendants' renewed motion for summary judgment and supporting documentation (Docket #74, #75, #76 and #77), Plaintiff filed only a five-page memorandum of law in opposition. (Docket #79). In his opposition memorandum, Plaintiff argues, in the alternative, that: (i) the affidavit was not adequate to support a finding of probable cause; and (ii) the warrant was invalid because it was "clearly open ended and general." (Docket #79).

To be sure, "[t]he Fourth Amendment requires that a warrant be supported by probable cause and that it describe, with particularity, the place to be searched and the items or persons to be seized." *Guzman v. City of Chicago*, 565 F.3d 393, 396 (7th Cir. 2009).[3]

This Court finds that the facts recounted above from Sgt. Tauber's affidavit filed with the Outagamie County Circuit Court judge—together with the balance of that affidavit (Docket #28-3 at 2-5)—leave no question that probable cause existed to issue the warrant Plaintiff now challenges. Not only were MAA's allegations of criminal activity by Plaintiff detailed (indeed, graphic), Sgt. Tauber made sure to test MAA's understanding of the difference between the truth and a lie.

---

[3] Defendants argue that Plaintiff's fourth amendment claim is barred under *Heck v. Humphrey*, 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994). (Docket #75 at 4). Contrary to Defendants' assertion, the Seventh Circuit teaches as follows:

> Even if no conviction could have been obtained in the absence of the violation, the Supreme Court has held that, unlike fair trial claims, Fourth Amendment claims as a group do not necessarily imply the invalidity of a criminal conviction, and so such claims are not suspended under the *Heck* bar to suit.

*Dominguez v. Hendley*, 545 F.3d 585, 589 (7th Cir. 2008).

Equally unavailing is Plaintiff's argument that the warrant failed to describe, with particularity, the subject of the search. Sgt. Tauber's affidavit asked the county judge for permission to take "full-body nude photographs" of Plaintiff, including "close-up photos of Adamski's genitalia," (Docket #28-3 at 4), and the warrant commanded officers to obtain "a full-body unclothed photograph and close-up images of the front of [Plaintiff] between the abdomen and knees." (Docket #28-3 at 6). So, not only were the affidavit and warrant in congruence, each document described—with ample particularity—both the method and subject of the search.

6. CONCLUSION

For the foregoing reasons, Defendants' motion for summary judgment (Docket #74) will be granted.

Accordingly,

IT IS ORDERED that defendant City of Appleton be and the same is hereby DISMISSED; and

IT IS FURTHER ORDERED that the remaining defendants' motion for summary judgment (Docket #74) be and the same is hereby GRANTED.

The Clerk is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 28th day of August, 2014.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge